## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SUSAN J. STEELEY, and JAMES W. STEELEY,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br><br>        Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

                                    No. 08-2029-CM

## <u>MEMORANDUM AND ORDER</u>

Plaintiffs, Susan J. Steeley and James W. Steeley, bring this *pro se* action against defendant, Countrywide Home Loans, Inc.  Plaintiffs bring four claims: (1) "Violations of Truth-in-Lending"; (2) Intentional Misrepresentation; (3) Breach of Contract; and (4) "Breach of State Statutes Governing Collection of Prepayment Penalties."  The case is before the court on defendant's partial motion to dismiss (Doc. 4).  For the following reasons, the court grants the motion.

**I.     Background**

According to the complaint, plaintiffs signed a contract for a mortgage loan with Pulaski Bank Home Lending, who then sold the loan to defendant.  Subsequently, defendant "collected from [plaintiffs] various improper fees, cost and charges and other fees that are either not legally due under the mortgage contract or applicable law, or that are in excess of amounts legally due."  These collections form the bases of plaintiffs' claims.

Presently, defendant moves to dismiss the second claim.  Defendant advances two arguments.  First, because the second claim is a tort claim arising from a breach of contract claim, it

is prohibited under Kansas law.  Plaintiffs, therefore, failed to state a claim upon which relief can be granted, requiring the dismissal of the claim under Fed. R. Civ. P. 12(b)(6).  Defendant's second argument is that plaintiffs have not pleaded the second claim—which alleges fraud—with sufficient particularity under Fed. R. Civ. P. 9(b).  Defendant highlights that plaintiffs have not alleged the time, place, or contents of the alleged misrepresentations.

Plaintiffs respond that their complaint should be construed liberally because of Fed. R. Civ. P. 8(a)(2)'s preference for a "short and plaint statement of the claim" and their *pro se* status. Regarding defendant's first argument, plaintiffs assert that "fraudulent misrepresentation" is an independent tort and that Kansas law allows a plaintiff to pursue contract claims and independent tort claims that rely on identical facts.  Regarding defendant's second argument, plaintiffs contend that they "have specified the nature of the falsehoods which are the basis for their claims . . . sufficient to place the defendant on notice of the allegations it is facing."  Additionally, plaintiffs argue that further specificity is presently hindered because "[i]t is the internal records which are relevant to proving the truth or falsity of [plaintiffs'] claims [and] those documents are peculiarly within the knowledge and possession of the defendant . . . ."  Alternatively, plaintiff concludes by asking the court to grant plaintiffs leave to amend their complaint.

## II.      Analysis

This court is required to construe plaintiffs' *pro se* pleadings liberally.  *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980).  On the other hand, plaintiffs' *pro se* status does not relieve them from complying with this court's procedural requirements.  *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a

pro se litigant must follow the same rules of procedure as other litigants).

With these guidelines in mind, the court turns to plaintiffs' second claim.  Plaintiffs allege the following facts:

> Countrywide has represented to the plaintiffs that Countrywide is entitled to collect various loan charges that were not legally due and owing[;]
> Countrywide's representations concerning the right to collect such fees was false[;]
> Countrywide knew or should have known that such representations were false[;]
> Plaintiffs relied on Countrywide's false representations concerning its entitlement to collect such fees and charges and plaintiffs did pay such fees and charges to their detriment[;]
> Plaintiffs' reliance was reasonable and justified in the circumstances[;]
> Plaintiffs have suffered damages[; and]
> Plaintiffs are entitled to relief for misrepresentation.

Plaintiffs do not connect these allegations to any specific contractual provision.  Without more detail, it is impossible for the court to analyze whether this claim is rooted in contractual obligations.  As a result, the court does not attempt to resolve defendant's first argument regarding plaintiffs' failure to state a claim.  Instead, the court proceeds to defendant's second argument regarding plaintiffs' failure to plead a fraud claim with sufficient particularity.[1]

Under Fed. R. Civ. P. 9(b), fraud claims must describe with specificity the circumstances constituting fraud, including the time, place and content of false representations, the identity of the person making the representation and what was obtained or given thereby.  *Smith v. MCI Telecomm'ns. Corp.*, 678 F. Supp. 823, 825 (D. Kan. 1987).  Plaintiffs must allege the "who, what, where, and when" of each purported fraudulent act.  *Nal II, Ltd. v. Tonkin*, 705 F. Supp. 522, 525–26 (D. Kan. 1989).

---

[1]  Although plaintiffs titled their second claim as "Intentional Misrepresentation," the court will consider it as a claim for fraud.  *See Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL, 2005 WL 1109456, at *8 (D. Kan. May 9, 2005) (listing the elements of a fraudulent misrepresentation claim); and *Hall*, 997 F. Supp. at 1454–55 (considering similar *pro se* allegations to be a fraud claim and applying Fed. R. Civ. P. 9(b)).

Plaintiffs' fraud allegation lacks the specificity Rule 9(b) requires. The claim does not specify the time, place, or content of the allegedly false representations. The claim does not specify how plaintiffs relied on the representations. Instead, the claim offers only vague modifiers and unclear antecedents, for example, "various loan charges," "such fees," and "such representations." Plaintiffs' argument that defendant's internal records are necessary for further specificity also fails. If plaintiffs can identify "various" loan charges, they should be able to identify one specific loan charge. The same is true for fees and representations. At the least, plaintiffs should be able to identify how they relied on defendant's representations. As currently stated, the allegations of fraud are wholly inadequate under Rule 9, and the court dismisses the fraud claim against defendant without prejudice. The court recognizes that defendant also maintains that the fraud claim fails to state a claim upon which relief can be granted, but the court cannot make that finding based on the record before it.

Lastly, the court addresses plaintiffs' request for leave to amend the complaint. As noted earlier, a party's *pro se* status does not relieve it from the obligations of following procedural requirements. Plaintiffs' request for leave to amend does not conform to Local Rule 15.1. Consequently, the court does not presently consider plaintiffs' request. If plaintiffs want to further pursue this request, they may file a motion that complies with D. Kan. R. 15.1 within fifteen days of this order.

**IT IS THEREFORE ORDERED** that defendant's partial motion to dismiss (Doc. 4) is granted. Plaintiffs' second claim is dismissed without prejudice.

Dated this <u>19th</u> day of May 2008, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**